**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4257**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORDERRO CEPHAS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00130-D-1)

Submitted:  January 21, 2020                                    Decided:  January 23, 2020

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wes J. Camden, WILLIAMS MULLEN, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corderro Cephas pleaded guilty to one count of distributing heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2018)—an offense he committed while on supervised release for a 2013 conviction for conspiring to possess and distribute heroin, in violation of 21 U.S.C. § 846 (2018). The district court determined that Cephas's Sentencing Guidelines range for his new offense was 15 to 21 months in prison, but sentenced him to a term of 30 months. On appeal, Cephas contends that the district court failed to adequately explain its sentence, and that the sentence is substantively unreasonable. We affirm.

When reviewing a sentence, we first determine whether the district court committed procedural error, such as improperly calculating the Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain its sentence. *See United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017). If we find no procedural error, we consider the substantive reasonableness of the sentence—whether inside or outside the Guidelines range—under a deferential abuse-of-discretion standard, taking into account the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Cephas urged the district court to impose a sentence within the Guidelines range, arguing that his problems with substance abuse drove his criminal conduct and that he was not a large-scale heroin trafficker; he also cited his difficult upbringing, family support, and employment. But the district court rejected his contentions and explained its sentence in terms of the 18 U.S.C. § 3553(a) (2018) sentencing factors. Based on those factors, the district court reasoned that a within-Guidelines sentence would be insufficient to address

2

the seriousness of the offense and provide deterrence and just punishment. The record reflects that the district court adequately explained its sentence. *See* 18 U.S.C. § 3553(a)(1), (2). Moreover, based on the factors identified by the district court, the variant sentence is not substantively unreasonable. *See United States v. Rivera-Santana*, 668 F.3d 95, 106 (4th Cir. 2012).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*